Date signed November 15, 2012



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| NIESHIA RENEE WILLIAMS | : | Case No. 12-21437-PM |
| | : | Chapter 7 |
| Debtor | : | |
| ADVANCE BANK | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 12-0543-PM |
| NIESHIA RENEE WILLIAMS | : | |
| Defendant | : | |

## MEMORANDUM OF DECISION

This matter is before the court on Defendant's Motion To Vacate/Set Aside Entry of Default relating to the Clerk's default entered September 12, 2012, following Defendant's failure timely to answer the five-count Complaint served upon her and her counsel of record in the main case in accordance with Bankruptcy Rule 7004(b) and (g). The Motion To Vacate is opposed. The matter came before the court for a hearing on November 1, 2012, at which both parties appeared by counsel of record. While the Complaint is titled, "Complaint and Objection to Discharge and Dischargeability," only relief under 11 U.S.C. § 523(a) is sought, that is, a determination that the claim of Plaintiff is not dischargeable. The Motion To Vacate will be denied for the reasons set out hereinafter. Pursuant to 11 U.S.C. § 105(a) and the authority of *Furness v. Lilienfield*, 35 B.R. 1006, 1010 (D. Md. 1983), the court will *sua sponte* modify the stay of 11 U.S.C. § 362(a) to allow the case pending in the Superior Court of the District of

Columbia, captioned *Advance Bank, et al. v. Matthew Rogers, et al.,* Case No. 2012 CA 003260 R(RP) (the "Superior Court Case"), to proceed against Defendant so as to enable that court to liquidate Plaintiff's alleged damages attributable to Defendant.

Defendant's Motion To Vacate states that she *and* her counsel of record in the main case were unaware of this Proceeding notwithstanding that the Complaint and Summons were mailed to each of them at their address of record in the main case, according to the Affidavit of Service filed by Plaintiff's counsel.  Defendant testified that her address of record is not her current domicile but that it is an address she uses for various purposes and that she keeps property there. Local Bankruptcy Rule 4002-1(a) requires that every debtor maintain a record of the debtor's current address with the Clerk.  Defendant's failure to do so, if her address of record was not the address to be used for notice purposes, does not excuse her failure to answer the Complaint. While Defendant's attorney, Judith A. Sakyi, expressly excluded representation of the Debtor in adversary proceedings in her Statement filed pursuant to Bankruptcy Rule 2016(b), Plaintiff nevertheless served her with a copy of the Complaint and Summons in compliance with Rule 7004(g).  Attorney Sakyi told the court that she was on maternity leave at the time service was made, inferring that she did not monitor mail sent to her office during that period.  These facts do not excuse the failure of Defendant to file a timely answer.

Finally, paragraph 9 of Defendant's Motion To Vacate states that she "has meritorious defenses to Plaintiff's claims and a verified answer is attached hereto."  However, each answer to the specific numbered paragraphs of the Complaint is identical, stating as follows:

> Defendant, Nieshia Williams cannot admit or deny the allegations in paragraph 1 of the complaint and invokes her rights under the Fifth Amendment to the United States Constitution and declines to answer under *North River Ins. Co., Inc. v Frank and Co., PC, 831 F.2d 484 (4th Cir. 1987).*  The grounds for this assertion are that the Complaint alleges that Ms. Williams conspired and was unjustly enriched with evil motives, intent to injure, ill will, and intent to defraud. Accordingly, any response to the allegations of this paragraph could be used against her, or could furnish a link in a chain of evidence that could lead to her prosecution.

This answer is made in response to paragraphs such as those identifying the parties, pleading jurisdiction and venue, the statement that this is a core proceeding, and pleading the date that she purchased the subject property.  This answer was even duplicated as to a paragraph of the Complaint alleging that Defendant was the owner of Jolie Girl Companies, Inc. d/b/a Integrative

Solutions, notwithstanding that Schedule B and the Statement of Financial Affairs filed by Defendant in the main case listed her ownership of said company. This identical answer also appears as an affirmative defense in Defendant's late-filed Answer. The other affirmative defense states that, "Defendant, Nieshia Williams generally denies any and all liability contained in the allegations of the complaint and denies all allegations in Plaintiff's complaint."

Under Fed.R.Civ.P. 55(c), made applicable to adversary proceedings by Bankruptcy Rule 7055, the principal factors bearing on the appropriateness of relieving a party from a default are whether setting it aside would prejudice the adverse party and whether a meritorious defense is presented. *Central Operating Company v. Utility Workers of America, AFL-CIO et al.*, 491 F.2d 245, 252 (CA4 1974). All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit the court to find for the defaulting party. "The underlying concern is ... whether there is some possibility that the outcome ... after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corporation*, 843 F.2d 808, 812 (CA4 1988) (*quoting* 10 Wright, Miller & Kane, Federal Practice and Procedure, § 2697, p. 531 (2d ed.1983)).

Federal Rule of Civil Procedure 8(b), made applicable to adversary proceedings by Bankruptcy Rule 7008, provides that the failure to deny an allegation to which a responsive pleading is required constitutes an admission of that allegation. When a party properly invokes the privilege against self-incrimination under the Fifth Amendment, the operation of this Rule can be avoided. However, when invoking the privilege, the party must assert the privilege with sufficient particularity to allow an informed ruling on the claim. Here, Defendant's reliance upon *North River Insurance Company, Inc. v. Stefanou*, 831 F2d 484 (CA4 1987), is misplaced. That opinion points out what is necessary in order to invoke the privilege:

> The privilege against self-incrimination, one of our most cherished fundamental rights, is jealously guarded by the courts. It protects an individual not only from involuntarily becoming a witness against himself in a criminal proceeding but also from answering specific allegations in a complaint or filing responses to interrogatories in a civil action where the answers might incriminate him in future criminal actions. But for one to invoke this privilege, the party claiming it must not only affirmatively assert it, he must do so with sufficient particularity to allow an informed ruling on the claim. Under the circumstances of this case, a blanket refusal to answer or respond was not sufficient. *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir.1977), *cert. denied*, 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); *accord United States v. Zappola*, 646 F.2d 48,

53 (2d Cir.1981), conviction aff'd on remand, 677 F.2d 264 (2d Cir.), *cert. denied*, 459 U.S. 866, 103 S.Ct. 145, 74 L.Ed.2d 122 (1982); *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir.1980).

*Stefanou* incorrectly argues that the District Court erred in failing to pierce his blanket assertion of privilege to determine its relative merits. A party wishing in good faith to assert the privilege must do so "with respect to particular [allegations]," thereby allowing the trial judge to determine the propriety of each refusal. *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir.1973), *cert. denied*, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974) (*citing Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)). The privilege also may be asserted and preserved in the course of discovery proceedings, Fed.R.Civ.P. 26(c), but in specifics sufficient to provide the court with a record upon which to decide whether the privilege has been properly asserted as to each question. *United States v. Gordon*, 634 F.Supp. 409, 418 (Ct. Int'l Trade 1986). 831 F.2d at 486-487.

Here, Defendant accomplished nothing by her blunderbuss invocation of the privilege. Neither the general denial asserted as an affirmative defense in her Answer nor the Motion To Vacate's bald assertion of a meritorious defense amount to sufficient reason to set aside the default.[1]

For the foregoing reasons, and based on the pleadings before it, the court concludes that Plaintiff is entitled to entry of default judgment as to the nondischargeablity of its claims against Defendant under 11 U.S.C. §523(a)(2)(A) and (4).[2] However, those claims - that is, the amount of Plaintiff's damages attributable to Defendant - are unliquidated. The court will therefore modify the stay of 11 U.S.C. § 362(a) to allow Plaintiff to proceed against Defendant to final judgment for a sum certain in the Superior Court Case, after which Plaintiff may apply to this court for entry of final judgment in this Proceeding.

Appropriate orders will be entered.

cc: Judith A. Sakyi, Esq., 6301 Ivy Lane, Suite 700, Greenbelt, MD 20770
Nieshia R. Williams, 70 Seaton Place, N.W., Washington, DC 20001
Matthew Cohen, Esq., 7508 Wisconsin Avenue, Bethesda, MD 20814

**End of Memorandum**

---

[1] The court has reviewed Defendant's Motion To Dismiss Complaint And Objections To Discharge And Dischargeability (Sic) And/Or In the Alternative, Motion For Summary Judgment filed November 10, 2012, and finds that it does not change the court's conclusions herein.

[2] As the issues underlying the judgment of nondischargeability were not actually litigated here, the court does not consider its judgment as precluding litigation of any such issues as to the other defendants in the Superior Court Case.